Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.

---

## Hernández v. Tornabells & Co.

### Appeal from the District Court of Mayagüez.

No. 571.—Decided May 24, 1911.

Appeals From Municipal Courts—Unappealable Orders—Revision of Orders.—In accordance with the law regulating appeals from municipal courts, approved March 11, 1908, all orders or rulings of a municipal court setting aside a judgment rendered in default and the attachment levied for the execution thereof, or refusing the reconsideration of a previous order de-

claring null the adjudication of a property erroneously sold at public auction, all of which orders have been made in the same suit wherein a final judgment 'was rendered declaring that the plaintiff had abandoned his complaint and sentencing him to the payment of a certain sum of money, are unappealable, as the aforesaid three orders may be reviewed by the district court in hearing the appeal taken from the final judgment.

INTERVENTION IN REGARD TO REAL PROPERTY—ANNULMENT OF ATTACHMENT AND ADJUDICATION REQUESTED BY DEFENDANT.—The proceeding provided by the Act of March 12, 1908, to regulate trials in connection with title to real property, is not applicable to the case where the defendant himself prays 'for and obtains the annulment of an attachment and an adjudication which were erroneously ordered, since. said law refers only to cases where the property of third persons who are not parties to the suit is erroneously attached.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

*Mr. Víctor P. Martínez* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 7, 1909, Agustín Hernández Mena filed a complaint in the Municipal Court of Mayagüez against Tornabells & Co., their receivers, successors, or legal representatives, to recover $412.80, the balance of a promissory note for a greater amount which was executed by said firm to the order of José Cajigas, whose property had been transferred to the plaintiff, and Camilo Suriñach, who, as receiver of the firm of Tornabells & Co., had been personally cited, according to the sworn statement of Manuel Parra, not having appeared in due time to answer the complaint his default was entered and a judgment rendered on September 20 by which he was adjudged to pay the sum claimed and the costs.

In order to secure the effectiveness of said judgment, an urban property belonging to Tornabells & Co., in liquidation, was attached on October 18 following.

The defendants, by a motion of November 1 of said year, requested the aforesaid municipal.court to set aside the judgment rendered and to dissolve the attachment levied for the execution thereof, on the ground that the court had been deceived by Hernández Mena, who alleged as grounds for his action the existence of a promissory note which was not

signed by Tornabells & Co., but by J. Tornabells & Co., who are two entirely different parties. Moreover, the summons was served by a person unqualified to serve the same—that is, by an employe of the plaintiff.

The aforesaid motion was sustained by the court by order of the 17th of said November, and Hernández Mena requested the reconsideration of the same, which motion was dismissed by another order of December 4 following. An appeal to the District Court of Mayagüez was taken by him from both orders.

By an order of the 16th of the same month of December · said municipal court sustained another motion filed by the defendant firm, wherein they prayed for the annulment of the adjudication to Hernández Mena of the property attached, which adjudication was made by the marshal of the municipal court on the 16th of the previous month of November. From the aforesaid decision the plaintiff also appealed to the district court.

In the course of the proceedings the firm of Tornabells & Co. answered the complaint, denying all the facts alleged therein, and filed a counterclaim praying that upon the dismissal of the complaint by judgment the plaintiff be adjudged to pay the sum of $200 as damages suffered by the defendants and the costs and necessary expenses of the suit. They alleged that the promissory note, subject matter of the action, was due by J. Tornabells & Co. and not by Tornabells & Co.; that summons had not been personally served on the receiver of Tornabells & Co., Camilo Suriñach, notwithstanding the fact that the plaintiff's employe, Manuel Parra, had so sworn; that for this reason the complaint was not answered in due time and a judgment was rendered in default, for the execution of which an attachment was levied on an urban property belonging to Tornabells & Co., who were not bound to pay the debt since such payment devolved on J. Tornabells & Co.

December 24, 1909, was set for the hearing of the case

by the municipal court, and the plaintiff not having appeared, it was held, upon motion of the defendant, that he had abandoned his complaint; and in regard to the counterclaim a judgment was rendered on the 27th of the same month ordering that the defendant firm should recover from the plaintiff the amount of $100, at which the damages caused the defendant were estimated. The costs were also taxed against the plaintiff, Hernández Mena.

From the aforesaid judgment Hernández Mena took an appeal to the District Court of Mayagüez, wherein a final judgment was rendered as follows:

"This case, which is before the court by virtue of an appeal taken from a judgment rendered by the Municipal Court of Mayagüez, was called for trial on February 17, the plaintiff having appeared personally and the defendants through their counsel, Víctor P. Martínez.

"The orders of the municipal court setting aside the judgment in default rendered in this case and annulling the attachment and sale which were made in consequence thereof having been previously argued, the court decided that as it does not appear that the municipal judge abused the discretion which is conferred upon him by section 140 of the Code of Civil Procedure, his orders must be affirmed. The order of the municipal judge, by which the plaintiff was held to have abandoned his suit because he did not appear on the date of the trial having been considered, it is also affirmed. The trial of the counterclaim having begun, the evidence was taken and counsel for both parties presented their arguments. The court reserved decision until to-day, when it declares that, although some irregularities in the prosecution of this suit may be observed, they are merely of form and were agreed to by the parties and therefore are not a bar to the rendition of judgment.

"Therefore it is declared by the court that the law and the facts are in favor of the defendant firm, and hence it is ordered that the firm in liquidation, Tornabells & Co., recover from the plaintiff, Agustín Hernández, the sum of $75 and the costs of this suit.

"Let this judgment be entered in the proper book of this court and a certified copy thereof be issued to the Municipal Court of Mayagüez for compliance therewith.

"Given in Mayagüez on the 1st of March, 1910.   Otto Schoenrich, District Judge."

From the foregoing judgment, and from each and all of the orders specified therein, an appeal was taken by Hernández Mena to this Supreme Court.

Section 1 of an act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, allows appeals from judgments rendered in civil cases, which finally decide them in favor of the plaintiff or of the defendant, to the district court for the judicial district in which the municipal court is situated.   Section 3 of the same law provides that when the appeal is called for trial the district court shall, on motion of the appellant, review and consider any preliminary orders, decisions, or rulings by which he considers himself to have been aggrieved, after which the cause shall proceed to trial, and the complaint or answer having been amended when proper, the trial shall be held as a trial *de novo,* and shall be governed by all the provisions of law and rules of court affecting trials of actions originally brought in the district courts.

In view of said legal provisions, we are of the opinion that an appeal to the district court for the judicial district of the same name from the judgment rendered by the Municipal Court of Mayagüez on December 27, 1909, deciding that the plaintiff had abandoned his complaint and adjudging him to pay to the defendant the sum of $100 for damages sustained by the latter was proper, but that such appeal from the orders of the municipal court, dated November 17, 1909, setting aside a judgment in default and the attachment levied for the execution thereof from the order of December 4 following, denying the reconsideration of the first order, and from the third order of December 16 declaring null the adjudication made to Hernández Mena of the property sold at public auction, which three orders were appealed to the District Court of Mayagüez, as stated above,

did not lie. Such orders are not appealable, but reviewable by said district court in considering the appeal taken from the final judgment previously rendered by the municipal court and before the new trial of the case was held. As a consequence of the above doctrine, the Municipal Court of Mayagüez did not lose its jurisdiction by virtue of the appeals taken from the aforesaid orders, as alleged by the appellant, but, on the contrary, said court retained such jurisdiction to proceed with and decide the case by a final judgment, because said appeals were clearly improper. And the District Court of Mayagüez acted properly in affirming the orders submitted to it for revision by virtue of the appeal taken from the final judgment of the municipal court, inasmuch as it does not appear from the record that the municipal court abused the discretional power with which it is vested to annul the judgment rendered in default and the proceedings in regard to the attachment and adjudication of the urban property belonging to the defendant, which were instituted to secure the effectiveness of said judgment. Section 140 of the Code of Civil Procedure, which has been cited by counsel for Hernández Mena in his defense, has not been violated, but, on the contrary, duly applied to the case.

Nor can it be alleged, as alleged by the party appellant, that in annulling the judgment rendered in default of the defendant and the attachment and adjudication proceedings the law of March 12, 1908, relative to the procedure in cases of intervention with respect to real property, to which it is pretended that Tornabells & Co. resorted in order to defend the rights they may have had, was violated. This law was not applicable to the case, since Tornabells & Co. was the party defendant in the trial and an urban property of theirs had been attached and later adjudicated to the plaintiff, Hernández Mena, to secure compliance with an obligation which was imposed erroneously on them by a judgment rendered in default, said obligation having been contracted by a different firm which was not a party to the case. If this action

had been instituted against J. Tornabells & Co., and if a house belonging to Tornabells & Co. had been attached to answer for the result thereof, then the latter could have resorted to the aforesaid law in order to defend their title of ownership to said house, but not in the case at bar wherein Tornabells & Co. are not third parties, but a party to the case.

Nothing is alleged by Hernández Mena against the order of the District Court of Mayagüez affirming that of the municipal court deciding that the plaintiff had abandoned his suit in view of his nonappearance at the trial of the same. The provision of section 192 of the Code of Civil Procedure is so clear that no mistake can be made in the application thereof.

Neither has the affirmance of said order prejudiced Hernández Mena, inasmuch as he appeared in person in the district court where the case was to be tried *de novo* and he could have requested a hearing and offered evidence. This he failed to do, and therefore his complaint was abandoned and unproved.

The appellant invokes section 1182 of the Code of Civil Procedure and 108 of the Law of Evidence in support of his appeal, because he holds that the defendant has not established in any form the counterclaim alleged in his answer. No endeavor has been made to show that the trial court committed error in weighing the evidence, and having examined the probatory elements in the case we find that far from being erroneous such estimation is in accordance with the facts and the law.

For the foregoing reasons we are of the opinion that the appeal cannot be sustained, and that the judgment rendered by the District Court of Mayagüez on March 1 of the year last past should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.